IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) ) | COMPLAINT |
| HELP AT HOME, INC., | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Sherri Schroetter, Jaclyn Stone, and Kari McConnell who were adversely affected by such practices.

The Complaint alleges that, while employed by Defendant, Help at Home, Inc., Stone and McConnell were subjected to egregious sexual harassment on account of their sex by Chris Qualls, the Regional Director of Defendant's Missouri sites.  Stone and McConnell were later fired in retaliation for complaining to their supervisor, Schroetter, and eventually the Vice President, Rick Cantrell, about the sexual harassment by Qualls, who supervised Schroetter, Stone, and McConnell.  The Complaint further alleges that Shroetter was fired in retaliation for reporting Stone and McConnell's complaints about sexual harassment by Qualls to Cantrell.

## JURISDICTION AND VENUE

1.	Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.	The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Missouri.

## PARTIES

3.	Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.	At all relevant times, Defendant, Help at Home, Inc., has continuously been doing business in the State of Missouri and the City of Hillsboro, and has continuously had at least 15 employees.

5.	At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

6.	More than thirty days prior to the institution of this lawsuit, Sherry Schroetter, Jaclyn Stone, and Keri McConnell filed charges with the Commission alleging violations of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least June, 2009, Defendant has engaged in unlawful employment practices at its facility located in Hillsboro, Missouri, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) as follows:

(a) Defendant subjected Jaclyn Stone to unlawful sexual harassment during her employment. Sexually offensive comments and actions were directed toward Stone by Regional Manager Chris Qualls on a frequent basis beginning shortly after Stone began her employment with Defendant.  The offensive comments and actions included, but were not limited to, Qualls entering an office in which Stone was working with Qualls' girlfriend and coworker, grabbing her girlfriend's breasts and butt, and locking the door before telling Stone that she should join them.  Stone was subjected to other similar comments and actions during the entirety of her employment with Defendant;

(b) The comments were unwelcome, sexual in nature, and directed at Stone because of her sex.  The unlawful conduct was sufficiently severe or pervasive to create a hostile working environment for Stone.;

(c) Stone complained about the comments to her supervisor, Sherri Schroetter, and to Vice President, Rick Cantrell;

(d) Defendant failed to take prompt and effective remedial action to end the harassment;

(e) Defendant subjected McConnell to unlawful sexual harassment during her employment. Sexually offensive comments and actions were directed toward McConnell by Qualls on a frequent basis beginning shortly after McConnell began her employment with Defendant.  Sexually offensive comments made by Qualls included, but were not limited to, that

3

she wanted to "tap [a female applicant's] ass," and that McConnell should be careful where she sits because McConnell had "fucked" her girlfriend on several surfaces in the office;

(f) The comments were unwelcome, sexual in nature, and directed at McConnell because of her sex. The unlawful conduct was sufficiently severe or pervasive to create a hostile working environment for McConnell;

(g) McConnell complained about the comments to her supervisor, Sherri Schroetter, and to Vice President, Rick Cantrell;

(h) Defendant failed to take prompt and effective remedial action to end the harassment.

8. Since at least September 2009, following Stone and McConnell's complaints to Schroetter and Cantrell, Defendant has engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) and 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) as follows:

(a) On or about September 30, 2009, Stone was fired in retaliation for complaining to Schroetter and later to Cantrell, about sexual harassment on the part of Qualls;

(b) On or about October 27, 2009, McConnell was fired in retaliation for complaining to Schroetter and later to Cantrell about sexual harassment on the part of Qualls;

(c) On or about January 25, 2010, Schroetter was fired in retaliation for complaining to Cantrell about sexual harassment on the part of Qualls;

9. The effect of the practice(s) complained of in paragraphs 7 and 8 above has been to deprive Stone, McConnell, and Schroetter of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex.

10. The unlawful employment practices complained of in paragraphs 7 and 8 above were intentional.

11. The unlawful employment practices complained of in paragraphs 7 and 8 above were done with malice or with reckless indifference to the federally protected rights of Stone, McConnell, and Schroetter.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in sexual harassment, retaliation, and any other employment practice which discriminates on the basis of sex.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Schroetter, Stone, and McConnell, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial.

D. Order Defendant to make whole Schroetter, Stone, and McConnell, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 and 8 above, in amounts to be determined at trial.

E. Order Defendant to make whole Schroetter, Stone, and McConnell by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 and 8 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    F.    Order Defendant to pay Schroetter, Stone, and McConnell punitive damages for its malicious and reckless conduct described in paragraphs 7 and 8 above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ  
General Counsel

JAMES L. LEE  
Deputy General Counsel

GWENDOLYN YOUNG REAMS  
Associate General Counsel

BARBARA A. SEELY  
Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION  
St. Louis District Office

 /s/ Jan Shelly  
JAN SHELLY  
Senior Trial Attorney and Lead Counsel  
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION  
St. Louis District Office  
Robert A. Young Federal Bldg.  
1222 Spruce, Room 8.100  
St. Louis, MO 63103  
(314) 539-7918