# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| KARI McCONNELL, SHANNON SCHROETER, JACLYN STONE, | ) ) ) ) |
| Plaintiff/Intervenors, | ) ) ) |
| v. | ) ) |
| HELP AT HOME, INC., | ) ) |
| Defendant. | ) |

No. 4:12-CV-1498-JAR

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel Supplementation of Initial Disclosures and Discovery. [ECF No. 33] Plaintiff also requests its reasonable expenses including attorney's fees incurred in bringing its motion. In response, Defendant states that since receiving Plaintiff's motion, it has conducted additional investigation and provided all of the contact information for each individual named in its Rule 26(a)(1) disclosures and in Plaintiff's interrogatories. (Doc. No. 35) Defendant argues that an award of fees to Plaintiff would be unjust because it has produced all of the documents and information requested and was substantially justified in its delay in providing such information.

Federal Rule of Civil Procedure 37 authorizes the Court to compel discovery, to sanction the party who was not substantially justified in withholding or delaying discovery, and to award

1

attorney fees related to the motion to compel. While the issue of compliance is now moot, the Court finds that an award of expenses and attorney's fees is appropriate in this instance.

Defendant served its Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1) on December 17, 2012. (Doc. No. 33-2) The Disclosures identified twelve individuals, all current or former employees, who are likely to have discoverable information that Defendant may use to support its defenses. For each disclosed individual, except one, Defendant listed its attorneys' law firm address and telephone number. Plaintiff served its First Interrogatories to Defendant on January 3, 2013. In its Responses and Objections to Plaintiff's First Interrogatories Nos. 2 and 6, which asked Defendant to "identify" various individuals, Defendant failed to provide addresses and telephone numbers for the individuals identified despite the fact that the definition of "Identify" required such information. (Doc. No. 33-4)

After a March 20, 2013, telephone conference with Plaintiff's counsel, Defendant served its Supplemental Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1), providing a home address and telephone number for four additional individuals but continuing to list its attorneys' law firm address and telephone number for six of the individuals disclosed and providing no address and telephone number at all for one of the individuals disclosed. (Doc. No. 33-3) Defendant also served its First Supplemental Responses and Objections to Plaintiff's First Interrogatories in which it again provided the address and telephone number of its attorneys' law office for some individuals identified and provided no address and telephone number at all for others. (Doc. No. 33-5) Plaintiff outlined its continuing concerns with Defendant's supplemental discovery responses and updated Rule 26(a)(1) disclosures in a letter to Defendant's counsel dated April 11, 2013. (Doc. No. 33-1) In the absence of a response from Defendant, Plaintiff

filed its motion to compel on April 17, 2013.

Defendant states that the contact information for the individuals for whom Plaintiff requested information was not readily available, and that Defendant made it clear to Plaintiff when it submitted its First Supplemental Responses to Plaintiff's Interrogatories and First Supplemental Rule 26(a)91) Disclosures, that it was in the process of obtaining the requested contact information and would update its responses as soon as possible. Defendant did not, however, request an extension of time to respond, necessitating the filing of the instant motion to compel. Moreover, it was only after this motion was filed that Defendant supplemented its responses to Plaintiff.

The party seeking litigation fees bears the burden to provide "evidence of the hours worked and the rate claimed." Saint Louis University v. Meyer, 2009 WL 482664, at *1 (E.D.Mo. Feb. 25, 2009). In order to determine the amount of a reasonable attorney fee, the Court will permit Plaintiff's counsel to submit documentation of the expenses and attorney's fees it incurred in connection with its motion to compel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Supplementation of Initial Disclosures and Discovery [33] is **GRANTED** in part.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **Wednesday, May 8, 2013** to submit documentation in support of its request for attorney's fees and costs associated with the filing of its motion.

Dated this 3rd day of May, 2013.

                                                        JOHN A. ROSS
                                                        UNITED STATES DISTRICT JUDGE