IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISION, ) ) ) Plaintiff, ) ) KARI MCCONNELL, SHANNON ) SCHROETER & JACLYN STONE, ) ) Plaintiff-Intervenors, ) ) v. ) ) HELP AT HOME, INC., ) ) Defendant. ) | Cause No.: 4:12 CV-01498-JAR |

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission (hereinafter the "EEOC" or "Commission") instituted this action alleging that Help at Home, Inc. ("Help at Home") subjected Shannon Schroetter, Jaclyn Stone and Kari McConnell to sexual harassment in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) ("Title VII") and retaliated against them when they complained about the harassment in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000-3(a). Shannon Schroetter, Jaclyn Stone and Kari McConnell subsequently intervened in the lawsuit.

For purposes of settlement and compromise only, the parties have advised the Court that they wish to resolve the instant controversy without the expense, delay, and burden of further litigation;

THEREFORE, it is the finding of this Court, made on the pleadings and on the record as a whole and upon agreement of the parties, that: (i) this Court has jurisdiction over the parties and the subject matter of this action, (ii) the requirements of the Title VII will be carried out by the implementation of this Decree, (iii) this Decree is intended to and does resolve all matters in controversy in this lawsuit among the parties, and (iv) the terms of this Decree constitute a fair and equitable settlement of all issues in this lawsuit.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

## I. General Provisions

1. This Decree, being entered with the consent of the parties for purposes of settlement, shall not constitute adjudication on the merits of this lawsuit and shall not be construed as an admission by Help at Home or any of its affiliates or related entities of any violation of Title VII.

2. Help at Home shall not discriminate against its applicants and employees with respect to hiring, promotion, firing, compensation, or other terms, conditions or privileges of employment on the basis of sex.

3. Help at Home shall not discriminate or retaliate against any person because he or she: (a) has opposed any practices alleged in this lawsuit as unlawful under Title VII; (b) has participated in any investigation by the Commission connected with or leading up to this lawsuit; (c) has participated in this lawsuit; or (d) has benefited or will benefit in any way as a result of this Consent Decree.

## II. Relief for Charging Parties

4.  On or before August 18, 2013, Help at Home shall pay to Shannon Schroeter a total of $75,625.00, such sum representing backpay and compensatory damages, payable as follows:

A) One check, representing backpay, shall be made payable to Ms. Schroetter in the amount of $50,416.67, less any deductions for the employee's portion of FICA and applicable federal, state and local tax withholdings.

B) A separate check, representing compensatory damages, shall be made payable to Ms. Schroetter in the amount of $25,208.33, and shall be designated as "other income" on IRS Form 1099. The checks shall be made payable to Shannon Schroetter and shall be delivered to her in care of her attorney. Help at Home shall provide Barbara A. Seely, EEOC, 1222 Spruce St., Room 8.100, St. Louis, MO 63102 with copies of the Schroetter checks within fifteen (15) days of mailing.

5.  On or before August 18, 2013, Help at Home shall pay to Jaclyn Stone a total of $75,625.00, such sum representing backpay and compensatory damages, payable as follows:

A) One check, representing backpay, shall be made payable to Ms. Stone in the amount of $50,416.67, less any deductions for the employee's portion of FICA and applicable federal, state and local tax withholdings.

B) A separate check, representing compensatory damages, shall be made payable to Ms. Stone in the amount of $25,208.33, and shall be designated as "other income" on IRS Form 1099. The checks shall be made payable to Jaclyn Stone and shall be delivered to her in care of her attorney. Help at Home shall provide Barbara A. Seely, EEOC, 1222 Spruce St., Room 8.100, St. Louis, MO 63102 with copies of the Stone checks within fifteen (15) days of mailing.

6. On or before August 18, 2013, Help at Home shall pay to Kari McConnell a total of $75,625.00, such sum representing backpay and compensatory damages, payable as follows:

A) One check, representing backpay, shall be made payable to Ms. McConnell in the amount of $50,416.27, less any deductions for the employee's portion of FICA and applicable federal, state and local tax withholdings.

B) A separate check, representing compensatory damages, shall be made payable to Ms. McConnell in the amount of $25,208.33, and shall be designated as "other income" on IRS Form 1099. The checks shall be made payable to Kari McConnell and shall be delivered to her in care of her attorney. Help at Home shall provide Barbara A. Seely, EEOC, 1222 Spruce St., Room 8.100, St. Louis, MO 63102 with copies of the McConnell checks within fifteen (15) days of mailing.

7. On or before August 18, 2013, Help at Home shall pay $75,625.00, as Plaintiff-Intervenors' attorney's fees, to Michael Fagras by check payable to Mr. Fagras and delivered to him at his office address.

8. Help at Home shall purge the personnel files of Jaclyn Stone, Shannon Schroeter and Kari McConnell of all documents which relate to their terminations, including any disciplinary documents related to their terminations.

9. Help at Home shall provide the following information and only the following information to prospective employers who contact it regarding Jaclyn Stone, Shannon Schroeter or Kari McConnell: dates of employment and job title(s) held.

III. Injunctive Relief

10. Within sixty (60) days of the entry of this Decree, Help at Home shall modify its employment policies as follows:

    a. To add "sex" as a protected status in the non-discrimination statement on the home page of its web site;

    b. To prohibit retaliation against any employee who complains of harassment or discrimination and to modify the Equal Employment Opportunity Policy in all Field Staff Handbook and Policy Manuals to reflect such prohibition; and

    c. To prohibit retaliation against any employee who complains of harassment or discrimination and to modify the Equal Employment Opportunity Policy in all Employee Manuals for Administrative Staff to reflect such prohibition.

11. Within ninety (90) days of the entry of this Consent Decree, Help at Home shall provide sexual harassment training and training on Title VII's prohibition against retaliation to all currently employed managers of Help at Home, including Regional Vice Presidents, and supervisors of field and administrative personnel in all branches in Georgia, Illinois, Indiana, Iowa, Kansas, Kentucky, Michigan, Missouri, South Carolina and Tennessee. The sexual harassment portion of the training shall cover (1) what constitutes sexual harassment, (2) how employees should report sexual harassment and/or discrimination, and (3) how managers and supervisors should properly address sexual harassment and/or discrimination complaints. The training shall be no less than two (2) hours in length and must be conducted by a reputable outside vendor. Help at Home shall, at least twenty (20) days prior to the training, provide a copy of the training materials to Barbara A. Seely, EEOC Regional Attorney, for comment. The training may be presented live or by video, at Help at Home's option. Whether live or by video, General Counsel Joel Davis shall give an introduction to the training.

12. Within ninety (90) days of the date that any person is hired or promoted to a manager position, including the position of Regional Vice President, or supervisor position over any field or administrative personnel in all branches in Georgia, Illinois, Indiana, Iowa, Kansas, Kentucky, Michigan, Missouri, South Carolina and Tennessee. Help at Home shall provide that person with the sexual harassment training and training on Title VII's prohibition against retaliation referred to in paragraph 11 above.

13. Within one hundred eighty (180) days of the entry of this Decree, Help at Home shall provide sexual harassment training and training on Title VII's prohibition against retaliation to all active non-management administrative and non-union field personnel employed in Help at Home's branches in Georgia, Iowa, Kansas, Kentucky, Michigan, Missouri, South Carolina and Tennessee. The sexual harassment portion of the training shall cover (1) what constitutes sexual harassment and (2) how employees should report sexual harassment and/or discrimination. The training shall be no less than one hour in length and must be conducted by a reputable outside vendor. Help at Home shall, at least twenty (20) days prior to the training, provide a copy of the training materials to Barbara A. Seely, EEOC Regional Attorney, for comment. The training may be presented live or by video, at Help at Home's option. Whether live or by video, General Counsel Joel Davis shall give an introduction to the training.

14. Within one hundred twenty (120) days of the entry of this Consent Decree, Help at Home shall distribute a written training pamphlet that covers sexual harassment and Title VII's prohibition against retaliation to all active non-management administrative and field personnel employed in its branches in Illinois and Indiana. The sexual harassment portion of the pamphlet shall cover (1) what constitutes sexual harassment and (2) how employees should report sexual harassment and/or discrimination. The training pamphlet shall be prepared by a

reputable outside vendor. Help at Home shall, at least twenty (20) days prior to the training, provide a copy of the training pamphlet to Barbara A. Seely, EEOC Regional Attorney, for comment. The training pamphlet must contain an introduction by Help at Home's General Counsel Joel Davis.

15. Within sixty (60) days of the date that any person is hired or promoted to a non-management administrative or non-union field position in Help at Home's branches in Georgia, Iowa, Kansas, Kentucky, Michigan, Missouri, South Carolina and Tennessee, Help at Home shall provide that person with the sexual harassment training and training on Title VII's prohibition against retaliation referred to in paragraph 11 above.

16. Within thirty (30) days of the date that any person is hired or promoted to a non-management administrative or field position in Help at Home's branches in Illinois and Indiana, Help at Home shall provide that person with the training pamphlet referred to in paragraph 14 above.

### IV. Posting and Policies

17. Help at Home shall post and cause to remain posted the Notice attached hereto as Exhibit A, in all branches in locations visible to all employees of Help at Home for a period of one (1) year starting from the date of entry of this Decree.

18. Help at Home shall post and cause to remain posted the posters required to be displayed in the workplace by EEOC regulation 29 C.F.R. §1601.30 in locations visible to all employees of Help at Home.

### V. Reporting, Record-keeping, and Access

19. Every six (6) months during the effective period of this Decree, Help at Home shall provide written notification to the EEOC's Regional Attorney in its St. Louis District Office of

any internal complaint of sex discrimination or sex harassment, made by any employee of Help at Home, including an employee identifier, a description of the complaint, a description of the investigation of the complaint(s), the finding of the investigation and a description of action taken, or resolution of the complaint(s). Help at Home may institute the use of a written form by which its employees may make such complaints and upon which Help at Home will record all actions performed to investigate and resolve the complaint. Help at Home may provide copies of all such written formal complaints involving sex discrimination or sex harassment to the EEOC as sufficient reporting of the complaint itself, as required in this agreement. If the EEOC is not satisfied with the internal investigation conducted by Help at Home the EEOC shall identify specific bases for its dissatisfaction, in writing. Help at Home shall have a 45 day period following written notice of the EEOC's concerns to cure any identified problems. Upon request, Help at Home shall provide the name, address and telephone number of the employee making the complaint to the EEOC.

20. If any adverse employment action is taken against any employee who has made an internal complaint of sex discrimination or sex harassment within ninety (90) days of the date the complaint was made, Help at Home shall immediately give written notification of that adverse action to the EEOC's Regional Attorney in its St. Louis District Office including an employee identifier, a description of the complaint, the date of the complaint, a description of the adverse action taken, the date the adverse action was taken and the reason(s) why the adverse action was taken. If the EEOC is not satisfied that the adverse action was taken for reasons other than retaliation the EEOC shall identify specific bases for its dissatisfaction, in writing. Help at Home shall have a 45 day period following written notice of the EEOC's concerns to cure any

identified problems. Upon request, Help at Home shall provide the name, address and telephone number of the employee against whom adverse action was taken to the EEOC.

21. Within forty-five (45) days of the entry of this Decree, Help at Home shall prepare and submit to the EEOC's Regional Attorney at Robert A. Young Building, 1222 Spruce Street, Room 8.100, St. Louis, Missouri 63103, a letter affirming that the notices have been posted and that the posters have been posted as required by Section IV, above.

22. Within thirty (30) days of the completion of the training required under Section III, paragraphs 11 and 13, Help at Home shall prepare and submit to the EEOC's Regional Attorney in its St. Louis District Office a letter affirming completion of said training. The letter shall include the names and job titles of all employees who attended the training.

23. Within thirty (30) days of the distribution of the training pamphlet referred to in paragraph 14 above, Help at Home shall prepare and submit to the EEOC's Regional Attorney in its St. Louis District Office a letter affirming the distribution of said training pamphlet.

24. Every six (6) months during the effective period of this Decree, Help at Home shall provide the names and job titles of all persons who received training pursuant to Section III, paragraphs 11 and 13 above to the EEOC's Regional Attorney in its St. Louis District Office.

## VI. Term and Effect of Decree

25. By entering into this Decree the EEOC and Help at Home do not intend to resolve any charges of discrimination currently pending before the Commission other than the charges filed by Shannon Schroetter, Jaclyn Stone and Kari McConnell against Help at Home.

26. This Decree shall be binding upon the parties hereto, their successors and assigns.

27. This Decree shall be for a period of two (2) years. The parties stipulate to the dismissal of the case with prejudice, except that the Court shall retain jurisdiction of this cause for purposes of enforcing the terms of this Decree.

DATE: _____

_____
UNITED STATES DISTRICT JUDGE

FOR PLAINTIFF EEOC:

_____
BARBARA A. SEELY
Regional Attorney
EEOC - St. Louis District Office
Robert A. Young Federal Bldg.
1222 Spruce, Room 8.100
St. Louis, MO 63103
(314) 539-7910
Barbara.seely@eeoc.gov

FOR PLAINTIFF-INTERVENORS:

_____
Michael J. Fagras
Lampin, Kell, Fagras, Linson,
Buehler & Chandler
5770 Mexico Road, Suite A
St. Peters, MO 63376
(636) 498-4000
fagras@fagraslaw.com

FOR DEFENDANT:

*[signature]*

Siobhan M. Murphy
John J. Michels
Lewis, Brisbois, Bisgaard & Smith, LLP
550 W. Adams, Suite 300
Chicago, IL 60661
(312) 345-1718
smurphy@lbbslaw.com
jmichels@lbbslaw.com

EXHIBIT A

## NOTICE TO EMPLOYEES

Federal law prohibits discrimination against any employee or applicant for employment because of the individual's race, national origin, color, religion, sex, disability or age (forty and over) with respect to hiring, promotion, firing, compensation, or other terms, conditions or privileges of employment. **Federal law also prohibits sexual harassment of employees and retaliation against employees because they have opposed practices they believe discriminate or are unlawful on the basis of race, national origin, color, religion, sex, disability or age (forty and over), because they have complained to Help at Home, Inc. about practices that they believe discriminate or are unlawful, or because they have filed charges with the EEOC or participated in or cooperated with an EEOC investigation.**

Help at Home is committed to providing a work environment that is free of discrimination and unlawful harassment. Any employee who wants to report an incident of sexual or other unlawful harassment or discrimination should immediately contact his or her immediate supervisor first and if they are not available then contact his or her supervisor's supervisor. If the supervisor's supervisor is unavailable or the employee believes it would be inappropriate to contact that person, the employee should immediately contact Joel Davis, General Counsel. Employees can raise concerns and make reports without fear of reprisal. **Help at Home will not tolerate retaliation against any employee because an employee reports, protests or opposes any employment practice which is believed by such employee to be unlawful under Federal law.**

Any supervisor or manager who becomes aware of possible sexual or other unlawful harassment must promptly advise the Human Resources Department who will handle the matter in a timely and confidential manner. Anyone engaging in sexual or other unlawful harassment will be subject to disciplinary action, up to and including termination of employment.

*[signature]*

Joel Davis
General Counsel
Help at Home, Inc.